### In re CHURCH OF THE MESSIAH.

*(Supreme Court, Special Term, Kings County.    September 8, 1890.)*

RELIGIOUS CORPORATION—POWER TO MORTGAGE LAND.

Under Laws N. Y. 1890, c. 424, § 1, authorizing a religious corporation, on leave had from the supreme court, to mortgage its real estate, "as shall be provided by the order of the court," the order granting leave to give the mortgage will direct the application of the proceeds.

Application by the rector, wardens, and vestrymen of the Church of the Messiah for leave to mortgage part of its real estate. The following petition was filed:

"*To the Supreme Court of the State of New York:* The petition of the Rector, Wardens, and Vestrymen of the Church of the Messiah, a Protestant Episcopal Church in the city of Brooklyn, respectfully represents:

"(1) That the name of the said corporation is the 'Rector, Wardens, and Vestrymen of the Church of the Messiah,' and the names of its trustees and its principal officers, and their places of residence, are as follows: Rector, Rev. Charles R. Baker, 244 Washington avenue, Brooklyn, N. Y. Wardens: John A. Nichols, 437 Clinton avenue, Brooklyn, N. Y.; Dr. J. B. Elliott, corner Clinton & Fulton avenues, Brooklyn, N. Y. Vestrymen: Elizur G. Webster, 394 Clinton avenue, Brooklyn, N. Y.; James Hall, 67 Gates avenue, Brooklyn, N. Y.; William H. Wallace, 451 Clinton avenue, Brooklyn, N. Y.; Thomas N. Rooker, 202 Adelphi street, Brooklyn, N. Y.; Robert W. Skinner, 70 Greene avenue, Brooklyn, N. Y.; H. V. V. Braman, 92 So. Oxford street, Brooklyn, N. Y.; C. Howard Scrymser, 17 So. Elliott Pl., Brooklyn, N. Y.; Samuel A. Wood, 372 Clinton avenue, Brooklyn, N. Y. Mr. Robert W. Skinner is also clerk of the church. Mr. John A. Nichols also treasurer of the church.

"(2) The object or purpose of the incorporation of said church is the propagating of the Christian religion, and said church, as a religious association, is duly incorporated under the act entitled 'An act to amend the acts to provide for the incorporation of religious societies so far as same relate to churches in connection with the Protestant Episcopal Church,' passed May 9, 1868.

"(3) As such incorporation they are the owners of the following described piece or parcel of land situated in the 20th ward of the city of Brooklyn, N. Y., bounded and described as follows: Beginning at a point on the southerly side of Greene avenue which is distant one hundred and twenty-five feet easterly from the south-easterly corner of Greene and Clermont avenues, and running thence southerly, and parallel with Clermont avenue, ninety-five feet; thence westerly, and parallel with Greene avenue, twenty-five feet; thence southerly, again parallel with Clermont avenue, thirteen feet and five inches; thence westerly, again parallel with Greene avenue, fifteen feet; and thence northerly, and again parallel with Clermont avenue, one hundred and eight feet and five inches, to the said southerly side of Greene avenue; and thence easterly, along the said southerly side of Greene avenue, forty feet, to the point or place of beginning.

"(4) Your petitioners further show that the interests of the said corporation or association will be promoted by the mortgage of the real property above specified, and the reasons therefor are as follows: Your petitioners are desirous of mortgaging said real estate in the sum of twenty-five thousand dollars, ($25,000,) payable in one year, with interest, and the Dime Savings Bank of the City of Brooklyn, N. Y., has agreed to loan said sum to your petitioners upon the security of their bond and mortgage upon said property in the usual form. Your petitioners wish to borrow said sum upon the security of said mortgage, because they have commenced the erection of a chapel upon said premises which adjoin the church edifice of your petitioners. The necessities of your petitioners' congregation require the speedy completion of said chapel, and the contract for its erection calls for payments at stated intervals. Your petitioners have not sufficient funds to complete said chapel and fulfill the terms of said contract, and said mortgage is to be placed for the purpose of raising the necessary funds therefor. It is expected that said mortgage will be paid at an early day from voluntary contributions by your petitioners' congregation. No real estate, or interest in real estate, belonging to said corporation, has been sold or mortgaged under any order of the court at any time within five years last past.

"(5) That at a regular stated meeting of the trustees of the Church of the Messiah held July 17, 1890, more than two-thirds of said trustees were pres-

ent, and a resolution was unanimously adopted directing that this application be made. A copy of said resolution, attested by the church clerk, is hereunto annexed and made a part of this petition.

"(6) That the market value of the real property of said corporation or association is one hundred thousand dollars, ($100,000,) upon which there is no incumbrance; that said corporation or association has no outstanding debts or liabilities; that the cash value of its personal assets is twenty thousand dollars, ($20,000.)

"(7) Your petitioners show that they have no funds wherewith to complete said chapel, and it is proposed to apply the avails of said mortgage, when received by them, to payments for the erection of said chapel as aforesaid.

"(8) Your petitioners therefore ask that an order be entered giving them leave to mortgage the real estate above described, upon the terms aforesaid, and that the moneys realized from such mortgage be applied as above specified."

A previous application for this order was made to Hon. WILLARD BARTLETT, a justice of this court, but was denied because the petition did not conform to the requirements of the statute.

Laws N. Y. 1890, c. 424, § 1, amending Laws 1813, c. 60, § 11, provides that "any religious corporation may make application to the supreme court, at any special term thereof held in and for the district where the property of said corporation is located, or to the county court in and for the county where the property of said corporation is located, for leave to mortgage or sell any real estate belonging to such corporation, and upon obtaining such leave said corporation shall have power to mortgage or sell its real estate as shall be provided by the order of the court made upon such application: provided, that this act shall not extend to any of the lands granted by this state for the support of the gospel."

*Alexander S. Bacon*, for petitioner.

BARNARD, P. J., (*made the following order.*)  On reading and filing the petition of the above-named corporation, duly verified by the senior warden, on the 5th day of September, 1890, praying for leave to mortgage the real estate described in said petition, and for the direction of the court in respect to the application of the moneys realized upon mortgage, and on motion of Alex. S. Bacon, attorney for the petitioners, it is—

Ordered, that the said trustees be, and they are hereby, authorized to mortgage said real estate for the sum of $25,000, and to execute and deliver a mortgage therefor in the usual form. Said real estate is described in said petition as follows: All that certain lot, piece, or parcel of land, with the buildings and improvements thereon situate, lying and being in the city of Brooklyn, county of Kings, and state of New York, and bounded and described as follows: Beginning at a point on the southerly side of Greene avenue which is distant 125 feet easterly from the south-easterly corner of Greene and Clermont avenues, and running thence southerly, and parallel with Clermont avenue, 95 feet; thence westerly, and parallel with Greene avenue, 25 feet; thence southerly, again parallel with Clermont avenue, 13 feet and 5 inches; thence westerly, again parallel with Greene avenue, 15 feet; and thence northerly, and again parallel with Clermont avenue, 108 feet and 5 inches, to the said southerly side of Greene avenue; and thence easterly, along the said southerly side of Greene avenue, and 40 feet, to the point or place of beginning.

It is further ordered, that the proceeds of said mortgage loan be applied by said trustees as follows, viz.: To complete the chapel now being erected on said premises, and to fulfill the terms of the petitioners' contract for the construction of said chapel.